■ JIM STOLL BULLDOZING & GRADING, INC., Appellant-Respondent, v. THE PEOPLE OF THE STATE OF NEW YORK et al., Defendants, and WESTERN CONSTRUCTION CORPORATION et al., Respondents-Appellants.— Judgment unanimously reversed, on the law and the facts, without costs, and a new trial granted. Memorandum: Plaintiff, a subcontractor, recovered a judgment for extra work it alleges it did for defendant, general contractor. Both parties appeal, the plaintiff by reason of the insufficiency of the damages and defendant because of the verdict for plaintiff and the denial of its counterclaim. Many issues were presented during

the trial, some of which dealt with whether the original lump sum contract had been abandoned and if so what subsequent agreement was made, the nature and effect of the changes in the contract, whether damages were to be computed on a *quantum meruit* basis, the quantity of earth to be removed and how compensation was to be calculated and several other complex problems. Both parties claim that the court's findings were not based on proof as to quantities and that the rates used by the court for assessing damages for various work, such as $.35 per cubic yard for certain extra work, $3.06 per cubic yard for work computed by the court on the basis of 1971 costs when the work was done in 1970 when prices were lower and the determination of how trucking costs were to be allocated. The parties, in effect, contend that there was no basis for several of the conclusions reached by the court and that several computations were not within the range of the proof. Upon the argument, both attorneys agreed, with commendable candor, that the complexity of the problems and the paucity of sound evidence as to calculations of value made it difficult, if not impossible, to resolve the issues from the record before us. It was suggested by counsel that a new trial should be had solely on the question of damages. This would be impractical because the questions of liability and damages are so joined that both should be presented upon the new trial. We, therefore, conclude that the resolution of all the issues should be determined in a complete new trial. (Appeals from judgment of Erie Trial Term in action to foreclose mechanic's lien.) Present — Moule, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.